UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD LAREMORE,

      Plaintiff,

v.                                                                      Case No.:  2:21-cv-890-SPC-DAB

KNAUF GIPS KG, KNAUF
PLASTERBOARD TIANJIN CO.
LTD. and KNAUF NEW BUILDING
SYSTEM (TIANJIN) CO. LTD.,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court are two motions filed by Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd.: (1) Motion in Limine to Exclude Certain Evidence (Doc. 78); and (2) Motion to Exclude or Limit Expert Testimony (Doc. 79).  Plaintiff Edward Laremore has responded to both motions.  (Docs. 80, 81).  Since then, Defendants have filed a Notice of Supplemental Authority.  (Doc. 82).

Plaintiff has sued Defendants because of defective drywall installed in a home he owns and rents.[1]  Plaintiff wants economic damages like the "costs of inspection; costs and expenses necessary to fully remediate or abate [the]

---

[1] The Court writes for the parties who are already familiar with the facts.  So, this Opinion and Order includes only the facts needed to understand the decision.

home; cost of alternative living arrangements . . . lost value or devaluation of [the] home[]; stigma damages; and [] loss of use and enjoyment of [the] home and property." (Doc. 1 at ¶ 21). Discovery ended years ago, and summary judgment motions were decided months ago. In preparing for trial next month, Defendants have moved to exclude/limit certain evidence and testimony, which the Court will address separately in turn.

## A. Motion in Limine to Exclude Certain Evidence

Defendants move to exclude nine categories of evidence:

1. Any evidence of damages barred by the economic loss rule;

2. Any evidence related to future remediation costs;

3. Any evidence Plaintiff did not produce in discovery;

4. Any untimely evidence, argument, or reference related to Plaintiff's alleged stigma damages or claims for diminution in value or personal property damage;

5. Any untimely evidence, argument, or reference related to an express or implied warranty from the Defendants to Plaintiff;

6. Any evidence, argument, or reference related to the Defendants' postsale conduct;

7. Any evidence, argument, or reference related to prior liability verdicts

8. Any evidence, argument, or reference regarding the scope of remediation in other lawsuits arising out of Chinese-manufactured drywall; and

9. Any evidence, argument, or reference related to other Knauf entities and affiliates that are not a party in this

> matter, including any references to the Knauf corporate
> structure.

(Doc. 78 at 1-2).  But this isn't the first time the parties have litigated these matters.

This case mostly mirrors other suits before Senior United States District Judge John E. Steele (and dozens of others across Florida).  In four related cases, Judge Steele addressed all but two of the evidentiary issues raised here. *See CDO Investments, LLC v. Knauf Gips KG*, No. 2:21-cv-888-JES-DAB (JES-Docs. 88-89); *Judge v. Knauf Gips KG*, No. 2:21-cv-889-JES-DAB (M.D. Fla. May 23, 2023) (JES-Docs. 90); *MCF Enters., Inc. v. Knauf Gips KG*, No. 2:21-cv-891-JES-DAB (JES-Docs. 81-82); *Vest v. Knauf Gips KG*, No. 2:21-cv-896-JES-DAB (JES-Docs. 75-76).  So, Defendants' requests 1, 2, 3, 5, 6, 7, and 8 are the same as their requests in the related cases.  And request 4 is the same to the extent that Defendants move to exclude "stigma damages or diminution in value."  As to the overlapping matters, the Court has reviewed Judge Steele's Orders and agrees with his well-reasoned and well-supported decisions.  The Court thus grants Defendants' motion as to requests 1, 2, 3, 4 (as to stigma damages or diminution in value), 5, 6, 7, and 8 for the same reasons explained by Judge Steele.

But the Court cannot stop there.  Defendants also make two new requests they never raised before Judge Steele.  First, they move to exclude

any untimely evidence, argument, or reference related to Plaintiff's claims for personal property damage. (Doc. 78 at 1). Back in the MDL court, the parties submitted a Plaintiff Fact Sheet with information required by Federal Rule of Civil Procedure 26(a). In doing so, Plaintiff itemized personal property damages totaling $1,884.00 that included a property management fee, drywall inspection cost, thermostat replacements, refrigerator repair, and dishwasher replacement and repair. (Doc. 78-1 at 13, 17-18).

Defendants don't want Plaintiff introducing evidence of personal property damages when he produced no documents to support them. According to Defendants, Plaintiff never submitted any photographs or other evidence about damage to the "other property," or any expert opinion analyzing his personal property damage the defective drywall caused.

Plaintiff does not squarely address Defendants' arguments in his one-paragraph response. Instead, he says that he will offer evidence and testimony about personal property damages including damages that continued past the close of discovery. (Doc. 81 at 4). Plaintiff believes he can do so under Federal Rule of Civil Procedure 26(e).

Rule 26(e) addresses supplementing automatic disclosures and responses. It requires a party to supplement its initial, expert, and pretrial disclosures under Rule 26(a) "in a timely manner" if the party learns that the information disclosed was or has become incomplete or incorrect, and if the

additional information has not otherwise been made known to the other parties during discovery.  Fed. R. Civ. P. 26(e)(1)(A).  To follow the "timely manner" requirement, supplementation "should be made at appropriate intervals during the discovery period."  Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

The problem is the Court cannot decide whether Plaintiff is truly trying to supplement his initial disclosures or merely trying to interject new damages less than a month before trial.  So, at this stage, the Court excludes evidence about personal property damages that Plaintiff disclosed post-discovery.  Yet Plaintiff may offer evidence and testimony about personal property damages that he disclosed in the Fact Sheet and before discovery ended.

Second, Defendants' ninth request moves to exclude "[a]ny evidence, argument, or reference related to other Knauf entities and affiliates that are not a party here, including any references to the Knauf corporate structure." (Doc. 78 at 2).  Plaintiff offers no response on the matter.  So the Court treats the ninth request as unopposed.   *See* Local Rule 1.10(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").  Because all Knauf entities except for Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. have fallen out, their actions are irrelevant to the remaining issues and parties.  The Court thus grants Defendants' ninth request.

**B. Motion to Exclude or Limit the Expert Testimony**

The Court turns to Defendants' attack on Plaintiff's experts. (Doc. 79). Defendant moves to exclude Howard Ehrsam' testimony and limit (if not exclude) Shawn Macomber's testimony. Defendants filed the same motions in Judge Steele's related cases. The Court has reviewed Judge Steele's Orders and agrees with his well-reasoned and well-supported decisions on the experts' testimonies. So the Court excludes Ehrasm's testimony and limits Macomber's testimony for the same reasons explained by Judge Steele.

Accordingly, it is **ORDERED:**

1. Defendants' Omnibus Motion in Limine to Exclude Certain Evidence (Doc. 78) is **GRANTED in part and DENIED in part**.

2. Defendants' Motion to Exclude or Limit the Expert Testimony of Howard Ehrsam and Shawn Macomber is **GRANTED** as to Howard Ehrsam and **GRANTED** as to Shawn Macomber to the extent that he may not express opinions on any component of damages other than "other property" (if there is any).

**DONE** and **ORDERED** in Fort Myers, Florida on May 8, 2024.

*Sheri Polster Chappell*

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record